**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4245**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

STEVEN ROBINSON, a/k/a H,

                Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Groh, Chief District Judge. (3:16-cr-00050-GMG-RWT-1)

Submitted: April 23, 2019                 Decided: April 30, 2019

Before GREGORY, Chief Judge, NIEMEYER and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kenneth W. Ravenell, RAVENELL LAW, Baltimore, Maryland, for Appellant. William J. Powell, United States Attorney, Shawn M. Adkins, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven Robinson appeals the district court's denials of his motions to recuse, to suppress evidence obtained via wiretaps, and for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), and his subsequent conviction for conspiracy to possess with intent to distribute and to distribute heroin in violation of 21 U.S.C. §§ 841, 846 (2012).

Robinson sought to recuse the district judge, pursuant to 28 U.S.C. § 455, from ruling on his motion to suppress the evidence obtained from three wiretap orders. Robinson asserted that the judge could not be impartial because the district judge granted the wiretap authorizations that were the subject of his motion to suppress. Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In considering recusal under subsection (a), "what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). Disqualification also is required when the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1) (2012).

"We review a judge's recusal decision for abuse of discretion." *Kolon Indus. Inc. v. E.I. DuPont de Nemours & Co.*, 748 F.3d 160, 167 (4th Cir. 2014). Generally, "courts have only granted recusal motions in cases involving particularly egregious conduct." *Belue v. Leventhal*, 640 F.3d 567, 573 (4th Cir. 2011). In order to disqualify a judge, the

"bias or prejudice must, as a general matter, stem from 'a source outside the judicial proceeding at hand.'" *Id.* at 572 (quoting *Liteky*, 510 U.S. at 545).

> "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." And, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."

*United States v. Lentz*, 524 F.3d 501, 530 (4th Cir. 2008) (quoting *Liteky*, 510 U.S. at 555).

Our review of the record leads us to conclude that the district court did not abuse its discretion in denying Robinson's motion to recuse. Robinson provided no grounds for recusal under § 455 and his sole claim of bias was based on the court's earlier rulings.

Next, Robinson argues that the district court erred by denying his motion for a *Franks* hearing, contending that the affidavit supporting the wiretap applications contained omissions. "We assess de novo the legal determinations underlying a district court's suppression rulings, including the denial of a *Franks* hearing, and we review the court's factual findings relating to such rulings for clear error." *United States v. Allen*, 631 F.3d 164, 171 (4th Cir. 2011).

In *Franks* the Supreme Court held that the Fourth Amendment requires a hearing to be held at defendant's request "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit . . . if the allegedly false statement is necessary to the finding of probable cause . . . ." 438 U.S. at 155–56. "The

3

burden of making the necessary showing is . . . a heavy one to bear." *United States v. Tate*, 524 F.3d 449, 454 (4th Cir. 2008). This showing "must be more than conclusory" and "must be accompanied by an offer of proof." *Franks*, 438 U.S. at 171. Allegations must be supported through affidavits or sworn witness statements, or an explanation of why these cannot be provided. *Id.* Defendants may bring *Franks* challenges when an affidavit contains a false statement or a material omission. *United States v. Lull*, 824 F.3d 109, 114 (4th Cir. 2016). "An omission is material if it is necessary to the neutral and disinterested [court's] finding of probable cause. Even if relevant, information is not material unless its inclusion in the affidavit would defeat probable cause." *United States v. Wharton*, 840 F.3d 163, 168 (4th Cir. 2016) (citations, alterations and internal quotation marks omitted).

Robinson alleges that the affiant omitted any discussion of three investigative techniques and that use of these techniques – GPS cell phone tracking, a cell site simulator, and pole cameras – would have negated the need for the wiretap. The affidavit discussed pole cameras, noting these were not used because the locations for drug purchases were not known in advance, and it sought authorization for GPS phone tracking, noting that this technique did not reveal the nature and content of any communication. Robinson provided no affidavits, sworn statements or other reliable evidence to challenge the veracity of the affiant. Under these circumstances, we conclude that Robinson failed to make the preliminary showing required for a *Franks* hearing.

Finally, Robinson argues that the court erred in denying his motion to suppress the evidence obtained by the wiretaps. He claims that the affidavit supporting the wiretap applications failed to show the required necessity and that the affiant improperly omitted the discussion of certain techniques, which, Robinson asserts would have proved the wiretaps unnecessary.

"We review for clear error the factual findings underlying a district court's ruling on a motion to suppress, and we review the court's legal conclusions de novo." *United States v. Wilson*, 484 F.3d 267, 280 (4th Cir. 2007). Determinations of necessity for a wiretap are reviewed for abuse of discretion. *Id.*

"To obtain authorization for a wiretap, . . . the government [must] submit an application containing 'a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous.'" *United States v. Galloway*, 749 F.3d 238, 242 (4th Cir. 2014) (quoting 18 U.S.C. § 2518(1)(c) (2012)). A district court may authorize a wiretap only if it determines that "'normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous.'" *United States v. Smith*, 31 F.3d 1294, 1297 (4th Cir. 1994) (quoting 18 U.S.C. § 2518(3)(c) (2012)). The exhaustion requirement is "designed to ensure that the relatively intrusive device of wiretapping is neither 'routinely employed as the initial step in criminal investigation,' nor 'resorted to in situations where traditional investigation techniques would suffice to expose the crime.'" *Id.* (quoting *United States v. Giordano*, 416 U.S. 505, 515, and *United States v. Khan*, 415 U.S. 143, 153 n.12 (1974)).

The Government's burden in this regard "is not great, and the adequacy of such a showing is to be tested in a practical and commonsense fashion . . . that does not hamper unduly the investigative powers of law enforcement agents." *Id.* (internal quotation marks omitted). To show necessity, "the Government need only present specific factual information sufficient to establish that it has encountered difficulties in penetrating the criminal enterprise or in gathering evidence such that wiretapping becomes reasonable." *Wilson,* 484 F.3d at 281 (brackets and internal quotation marks omitted).

We conclude that the district court correctly found that the warrant affidavit satisfied the exhaustion requirement and that the Government met its burden of establishing that it encountered difficulties in fully investigating the conspiracy such that the resort to wiretapping was reasonable. The affidavit noted that numerous investigative techniques were attempted but failed to reveal the full scope of Robinson's organization, and provided particularized explanations of why other techniques were unlikely to achieve all the goals of the investigation. These explanations were sufficient to establish necessity for the wiretaps.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*